**Date Signed:**
**December 6, 2018**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>LEEDO KALEO ANDERSON,<br><br>    Debtor. | Case No. 18-00777<br>Chapter 13<br><br>Re: Docket No. 33 |

## MEMORANDUM OF DECISION REGARDING "NO-LOOK" FEES AND HAWAII GENERAL EXCISE TAX

The question presented is whether the attorney for the debtor in a chapter 13 who elects to accept the "no-look" fee may collect Hawaii general excise tax in addition to the fee. For the reasons that follow, the answer is no.

Counsel for the debtor in this case has proposed a chapter 13 plan that provides that the trustee will pay the unpaid balance of the attorneys' fee. The attorneys' fee amount has been calculated in a way that effectively requires the estate to pay the Hawaii general excise tax on the attorneys' fee.

Hawaii law imposes a tax, known as the general excise tax, on the gross income

of all persons engaging in business in the state.[1] The statute "subjects to the general excise tax virtually every economic activity imaginable."[2] It specifically imposes the tax on "any service business or calling including professional services . . . ."[3] It therefore applies to licensed attorneys.[4]

Although the tax is imposed on businesses, a business may "visibly pass on [the general excise tax] to its customer provided that the customer agrees to pay it as part of the sale."[5] It is customary for attorneys representing private clients to "visibly pass on" the general excise tax. But the clients' agreement is essential. "Businesses must tell their customers if they plan to visibly pass on GET and customers must agree to pay it because misrepresenting the actual price violates consumer protection laws."[6]

This court has adopted Chapter 13 Attorney Fee Guidelines[7] that permit counsel for chapter 13 debtors to obtain approval of their compensation without filing

---

[1] Haw. Rev. Stat. § 237-13. Some businesses and activities are exempt from tax, but none of the exemptions applies here.

[2] *Pratt v. Kondo*, 53 Haw. 435, 436 (1972).

[3] Haw. Rev. Stat. § 237-13(6)(A).

[4] *Pratt v. Kondo*, 53 Haw. at 437.

[5] State of Hawaii, Dept. of Taxation, *Tax Facts 37-1, General Excise Tax* (rev. 03/2015), *available at* http://files.hawaii.gov/tax/legal/taxfacts/tf2015-37-1.pdf.

[6] *Id.*

[7] The guidelines are available on the court's website.

2

U.S. Bankruptcy Court - Hawaii   #18-00777   Dkt # 46   Filed   12/07/18   Page 2 of 4

a formal compensation application, provided that certain conditions are met. The fee that is approved under this streamlined process is colloquially called the "no-look" fee.

Among other requirements, the attorney must agree to accept only the amounts specified in the guidelines as "presumptively reasonable." Nothing in the guidelines permits the attorney to pass on to the client, or to receive from the estate, the general excise tax on the presumptively reasonable fee.

In addition, the attorney and the client must sign a Rights and Responsibilities Agreement in a prescribed form.[8] This agreement has lengthy and detailed provisions about attorneys' fees. These provisions do not permit an attorney opting in to the no-look fee process to pass on the general excise tax to the client or the estate.

Therefore, attorneys who opt in to the no-look fee process in chapter 13 cases may not pass on the general excise tax to their debtor clients (or the estate). The guidelines do not permit them to do so and the clients have not agreed to such treatment.

I am prepared to confirm the plan in this case only if the debtor's attorney agrees to eliminate the passed-on general excise tax from counsel's fee request.

The trustee shall submit a proposed order, in the usual form, either confirming

---

[8] This form is also available on the court's website.

3

or denying confirmation of the plan, depending on whether counsel is willing to adjust the compensation request as indicated.

## END OF ORDER